Filed 11/17/20  In re V.H. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re V.H., a Person Coming Under the Juvenile Court Law. | |
| | D077530 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J241608) |
| v. | |
| V.H., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No response from Plaintiff and Respondent.

In June 2019, following an adjudication hearing the court made true findings on a petition filed under Welfare and Institutions Code section 602 alleging V.H. (the Minor) committed several offenses.  The court found the Minor had committed assault by force likely to cause great bodily injury (Pen.

Code,[1] § 245, subd. (a)(4)) and battery with serious bodily injury (§ 243, subd. (d)). The court also found the Minor personally inflicted great bodily injury on the victim within the meaning of sections 12022.7, subdivision (a) and 1192.7, subdivision (c)(8). This court affirmed the adjudication in an unpublished opinion filed May 27, 2020. (*People v. V.H.* (May 27, 2020, D076300) [nonpub. opn.].)

In March 2020, the juvenile court held a hearing on a request for victim restitution from the California Victim Compensation Board. Following the hearing and the review of records submitted by the Board, the court ordered restitution in the amount of $24,730.10. The court found the Minor and her mother (K.Z.) jointly and severally liable for the restitution ordered.

The Minor has filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered the Minor the opportunity to file her own brief on appeal, but she has not responded.

## STATEMENT OF FACTS

The facts regarding restitution are well summarized in the Minor's opening brief. We will adopt the summary for convenience.

The victim agreed the restitution review hearing was about her loss of income of approximately $5,000, which she received from the Victim Compensation Board. She was out of work for a whole year. State disability paid 50 percent of her wages and the victim compensation board paid another 23 percent. She provided documents showing lost wages and medical records

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

to the compensation board.  Her doctor indicated she was able to work for three hours a day.  Before the incident, the victim supplemented her income by creating costumes and fashion but that was just a "side hustle" and did not make income for her house.  She had a "real job" which paid her $16 an hour.  She is now partially blind and has an implant in her left eye.

The victim did not know whether V.H. had a restraining order against her.  However, according to Exhibit 3, a restraining order was obtained against her on February 17, 2017, before the incident in 2018, and was set to expire on February 17, 2022.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one issue that was considered in evaluating the potential merits of this appeal:  Did the court err in ordering $24,730.10 in restitution to be paid to the Victim Compensation Board.

We have reviewed the entire record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented the Minor on this appeal.

DISPOSITION

The restitution order is affirmed.


                                                            HUFFMAN, J.

WE CONCUR:



BENKE, Acting P. J.



AARON, J.


4